27 P. 719 
1 Colo.App. 66
 WHEELER et al. v. WADE et al. 
Court of Appeals of Colorado
September 14, 1891

 
 Appeal
 from district court, Pitkin county; THOMAS A. RUCKER, Judge.
 
 
 Action
 by Jerome B. Wheeler and D.M. Van Hovenberg against John Wade
 and Helena Connors, to determine the right to certain real
 estate. Judgment dismissing the action. Plaintiffs appeal.
 Affirmed.
 
 
 Porter
 Plumb and W.W. Cooley, for appellants.
 
 
 [1
 Colo.App. 67] Wilson & Stimson, for appellees.
 
 
 REED,
 C.
 
 
 On the
 2d day of June, 1881, J.W. Deane was the county and probate
 judge of Pitkin county, and as such made application to enter
 at the district land-office the town-site of Aspen under the
 provisions of the act of congress of March 2, 1867. The
 application was accepted and the necessary money to perfect
 the entry was paid. From causes not necessary to be here
 stated the entry was suspended, and so remained until the 3d
 day of March, 1885, when the patent issued. The portion of
 the statute necessary to be considered is as follows,
 (section 2387, Rev.St.U.S.:) "It is lawful, in case such
 town be incorporated, for the corporate authorities thereof,
 and, if not incorporated, for the judge of the county court
 for the county in which such town is situated, to enter at
 the proper land-office, and at the minimum price, the land so
 settled and occupied, in trust for the several use and
 benefit of the occupants thereof, according to their
 respective interests; the execution of which trust, as to the
 disposal of the lots in such
 [27 P. 720.] 
 town, and the proceeds of the sales thereof, to be conducted
 under such regulations as may be prescribed by the
 legislative authority of the state or territory in which the
 same may be situated." The granting clause in the patent
 issued is as follows: "Now, know ye, the United States
 of America, in consideration," etc., "have given
 and granted, and by these presents do give and grant, unto
 the said J.W. Deane, county and probate judge aforesaid, and
 to his successors and assigns, in trust as aforesaid, the
 said tract above described, [describing the Aspen town-site;]
 to have and to hold the same, together with all rights, ***
 unto the said J.W. Deane, county and probate judge as
 aforesaid, and to his successors and assigns as
 aforesaid." It appears that prior to the grant to Judge
 Deane the town had become incorporated. The corporate
 authorities, assuming to succeed to the trust of Judge Deane,
 and assuming [1 Colo.App. 68] the right to dispose of the
 lots of the town, published a notice requiring claimants to
 file their respective claims within 90 days. One George E.
 Triplett, within the designated time, filed a claim to the
 lot in controversy in this case. Afterwards Byron E. Shear
 was appointed by the board of trustees of the town of Aspen a
 commissioner to take proofs and make conveyances to
 claimants. On the 8th day of December, 1884, Triplett, being
 the only claimant to the lot in controversy, paid for the
 same, and took a conveyance from Shear as commissioner or
 agent of the corporate authorities of the town. The lot
 afterwards, by mesne conveyances, became vested in the
 appellants. On the 18th day of October, 1885, Thomas A.
 Rucker became county and probate judge of Pitkin county, and
 the successor of Judge Deane, who had, as is alleged,
 assigned or transferred to him the property in trust for the
 purposes of the grant. While acting by virtue of his office
 as trustee, he conveyed the lot in controversy to one
 Bermudy, who afterwards conveyed it to appellees. Afterwards,
 in July, 1887, M.G. Miller became county and probate judge,
 and successor in trust under the grant to Judge Rucker, and
 proceeded to advertise and notify claimants of lots to make
 applications and proofs of claims and perfect the title to
 town lots claimed by them, respectively. Both claimants to
 the lot in controversy, feeling insecure in their respective
 titles, filed their claims to the property with Judge Miller,
 and this suit was brought by appellants (plaintiffs below) to
 determine which party had the better title, and which was
 entitled to a further conveyance from the then county and
 probate judge. Upon the coming in of the answer, a hearing
 having been had, the suit was dismissed, and from such
 judgment of dismissal this appeal was taken.
 
 
 The
 case of Mayor v. Land Co., 10 Colo. 191, 15 P. 794, and 16 P.
 160, appears to be conclusive in this case, not only as a
 precedent, but upon sound legal principles. [1 Colo.App. 69] 
 The conveyance to a claimant, to be effective, must have been
 made by the party holding the legal title. The patent from
 the United States government vested the title in Judge Deane,
 his successors and assigns, in trust "for the several
 use and benefit of the occupants thereof." He being
 county and probate judge, his successors could only be,
 according to all authorities, those succeeding in an official
 capacity in the same office. He holding the legal title as
 grantee under the patent, his assigns could only be those who
 held title by virtue of a conveyance from him or a successor.
 It is not necessary to inquire or determine whether a mistake
 was made by the department of the interior in issuing the
 patent to Judge Deane instead of to the corporate authorities
 of the town. It is clear that the patent was sufficient to
 pass the legal title to him in trust, and the corporate
 authorities of the town could not be a successor, and did not
 become an assignee for want of a conveyance from the grantee
 in the patent. It follows that all attempts of the corporate
 authorities, through Mr. Shear as commissioner or otherwise,
 to receive proofs and applications, and make titles to the
 respective claimants, were unwarranted and ineffectual; hence
 Triplett took no title. Judge Rucker, as successor of Judge
 Deane, succeeded to the title in trust, and what title he had
 passed by the conveyance to Bermudy. This must be regarded as
 an execution of the trust as to the lot in controversy on the
 part of the trustee. The power of the trustee was exhausted,
 and the conveyance effectual to pass the title unless the
 transaction was or can be impeached for error or fraud. As
 far as appellees are concerned, we do not deem that any
 further conveyance or assurances were needed from the
 successor of Judge Rucker. The judgment of the court in
 dismissing the suit should be affirmed.